### D. E. WILSON v. MARTIN C. DUNCAN.

Husband and Wife — Sale of Wife's Personal Property — Proceeds Invested in Land by Agreement — Conversion by Husband — Conveyance to Wife — Legal Title — Equity.

The husband being insolvent when he married and the wife then owing three slaves, two of whom were sold and the proceeds invested in land and the conveyance taken to the wife, by agreement, *held*, that the wife's equity was equal to that of the creditor of the husband notwithstanding she was clothed with the legal title.

APPEAL FROM MUHLENBURG CIRCUIT COURT.

June 10, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

It must be apparent from the evidence that the land sought to be subjected to the payment of the debt of appellee was paid for with the money arising from the sale of the slaves of appellant, D. E. Wilson.

The proof shows that her husband was insolvent when he married her in 1852, and that she then owned three slaves in her own right, two of whom were sold and the proceeds invested in the land directly except $78, with which a horse was purchased, and the horse afterward, as is alleged, was paid to Sparks and wife for the land purchased of them.

But it is insisted in the argument that the husband sold the slaves and converted them into money, and whether he paid for the land with the proceeds thereof or not, the money for the slaves when he received it was his, and consequently the land paid for therewith was his and subject to his debts.

The slaves of the wife were sold as is alleged in the answer by the wife; but whether by the husband or wife can make no difference as the proceeds by an agreement between them were invested in the land; this agreement is evidenced by the fact that the conveyance is made directly to the wife, and she became invested with the legal title. There is a very marked and material difference between this case and the case of Hocker, etc. *v.* Gentry, etc., in 3 Met. 463. In that case Kelly sold the slaves of his wife, and purchased about thirty-three and one-third acres of land with

the proceeds, and took the title to himself, and it does not appear there was even a verbal agreement between Kelly and wife that the land should be conveyed to her. In that case the heirs of Mrs. Kelly sought to divest the husband of the legal title, which he had acquired, as may be assumed, with the consent and approbation of the wife, whose means paid for it, and to whom she might have preferred it should go, rather than to any one else. Here a creditor is seeking to divest the wife of the legal title to the land by the aid of the chancellor, which she acquired by the payment of her own means therefor — and whose equity is at least equal to that of the creditor, even if she was not clothed with the legal title.

Moreover, although the statute provides that voluntary gifts, conveyances, transfers, or changes made by a debtor of or upon his estate shall be void as to his then existing liabilities, and will be adjudged void as to prior creditors, it expressly declares that it shall not, therefore, be declared to be void as to such subsequent creditors or purchasers.

The deed from Page and wife to Mrs. Wilson is dated 5th of March, 1857, and that of Sparks and wife the 22d of October, 1857, and it is not alleged that her husband was indebted to Duncan when said deeds or either of them were made to her. His judgment and execution thereon are all of the proceedings against Wilson that are copied in the transcript before us, and from them, it appears that the judgment was rendered in November, 1858, more than one year after the deeds were executed.

In either view of the case, it seems to us appellee failed to manifest a right to the relief sought.

Wherefore, the judgment is reversed, and the cause remanded with directions to dismiss the petition as to Mrs. D. E. Wilson.